DA 11-0446

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 129

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JAMES LEE DAVIS,

Defendant and Appellant.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DC 10-69
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Wade M. Zolynski, Chief Appellate Defender, Garrett R. Norcott,
Assistant Appellate Defender, Helena, Montana

For Appellee:

Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

Wyatt Glade, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  May 23, 2012

Decided:  June 19, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Appellant James Lee Davis (Davis) appeals from his conviction in the Sixteenth Judicial District, Custer County, of one count of criminal distribution of dangerous drugs by accountability pursuant to §§ 45-9-101, 45-2-301 and 45-2-302(3), MCA. Davis claims that the State presented insufficient evidence to prove beyond a reasonable doubt that he provided assistance in the drug deal that preceded his charge. We restate the issue as follows:

¶2 *Issue: Did the District Court err when it denied Davis' motion to dismiss the charge of criminal distribution of dangerous drugs by accountability on the basis of insufficient evidence?*

BACKGROUND

¶3 Davis was charged following a sale of methamphetamine that took place on April 19, 2010, at the Miles City home of Tina Gergen and her roommate Mickell Syring. Davis did not live with the pair, but he spent a large portion of his time at the home because he was in a relationship with Syring. As part of an investigation being conducted by law enforcement, an informant began to record drug transactions between himself and Gergen. The informant, who worked with Gergen and had purchased methamphetamine from her several times prior to becoming an informant, was recruited for the role after a drug-related arrest.

¶4 On April 16, 2010, the informant called Gergen's cell phone to see if she had methamphetamine available for sale. Gergen told him that she wasn't sure if she had the

2

key for a lockbox that contained the drugs, which was kept in Syring's bedroom. Although Syring was not at home, Davis was present and was asked by Gergen to look for the key. She told the informant that he should call back in 30 minutes. Davis answered the phone when the informant called back, stating, "[Tina] told me to tell you, we don't have a key." The informant then asked Davis to tell Gergen that he would "catch up with her next week sometime."

¶5 On April 19, 2010, the informant and Gergen made arrangements by phone for the purchase of methamphetamine. The deal was completed later that day when the informant purchased the drugs from Gergen at the front door of her home. The informant testified that he did not see Davis during this purchase.

¶6 In the following months, agents purchased methamphetamine from Gergen and Syring multiple times. Davis was not present at any of these transactions, although Syring and Gergen drove his truck to one of the sales. A search warrant was executed the following September at Gergen and Syring's home and law enforcement seized the lockbox, drug paraphernalia, a scale, and a substance used to cut methamphetamine. Charges were filed against Gergen, Syring and Davis. Davis was specifically charged with criminal distribution of dangerous drugs by accountability for the purchase that took place on April 19th. Because his truck was driven to one of the sales, he was also charged with felony possession of property subject to criminal forfeiture pursuant to § 45-9-206, MCA.

¶7 Davis moved to dismiss his charges, arguing that there was insufficient evidence to charge him with either offense. His motion was denied. At the close of the State's

3

case during a three-day jury trial, the District Court denied a second motion for a directed verdict based upon insufficient evidence. Davis' counsel unsuccessfully argued that the State had merely showed his presence on April 16, but had presented no credible evidence regarding his knowledge of or assistance with the later transaction. The jury subsequently convicted him of criminal distribution of dangerous drugs by accountability, but found him not guilty of possession of property subject to criminal forfeiture. He appeals from the court's denial of his motion to dismiss.

## STANDARDS OF REVIEW

¶8 The denial of a motion to dismiss in a criminal case presents a question of law which we review de novo. *State v. LeMay*, 2011 MT 323, ¶ 27, 363 Mont. 172, 266 P.3d 1278. "We review a question on the sufficiency of the evidence to sustain a conviction to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Booth*, 2012 MT 40, ¶ 7, 364 Mont. 190, 272 P.3d 89.

## ANALYSIS

¶9 Davis argues that he only participated in conversations on April 16, that failed to materialize into a drug deal, and that the State provided no evidence that he assisted Gergen with the April 19 transaction. Accordingly, he argues that the evidence was insufficient to support the jury's finding of guilt. The State argues that Davis' assistance prior to the deal actually happening was sufficient for conviction under Montana law.

4

¶10    *Issue: Did the District Court err when it denied Davis' motion to dismiss the charge of criminal distribution of dangerous drugs by accountability on the basis of insufficient evidence?*

¶11    "'The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *State v. Newman*, 2005 MT 348, ¶ 19, 330 Mont. 160, 127 P.3d 374 (quoting *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068 (1970)).  When proof beyond a reasonable doubt has not been established, § 46-16-403, MCA, permits the dismissal of a criminal action at the close of the prosecution's evidence.  "A motion to dismiss for insufficient evidence is appropriate only if, viewing the evidence in the light most favorable to the prosecution, there is not sufficient evidence upon which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *State v. Rosling*, 2008 MT 62, ¶ 35, 342 Mont. 1, 180 P.3d 1102.  Davis contends here, as he did at the District Court, that the evidence is insufficient for a rational trier of fact to find the essential elements of criminal distribution of dangerous drugs by accountability pursuant to §§ 45-9-101, 45-2-301 and 45-2-302(3), MCA.  We agree.

¶12    A person is accountable for an offense when "either before or during the commission of an offense with the purpose to promote or facilitate the commission, the person solicits, aids, abets, agrees, or attempts to aid the other person in the planning or commission of the offense."  Section 45-2-302(3), MCA.  A person commits the offense of criminal distribution of dangerous drugs when that person "sells, barters, exchanges, gives away, or offers to sell, barter, exchange, or give away any dangerous drug."

5

Section 45-9-101(1), MCA. Accordingly, the State was required to establish that Davis promoted or facilitated Gergen's sale of methamphetamine to the informant on April 19, 2010. *State v. Flatley*, 2000 MT 295, ¶ 12, 302 Mont. 314, 14 P.3d 1195 (citing *State v. Lyons*, 254 Mont. 360, 366, 838 P.2d 397, 401 (1992)).

¶13 The State focuses on the "either before or during the commission of an offense" language within § 45-2-302(3), MCA, for the argument that Davis' presence during the search for the key on April 16, and his subsequent conversation with the informant constituted efforts to aid Gergen's sale of drugs three days later. However, Davis' alleged efforts in this case are similar to those of the defendant in *Flatley*, in that both defendants' efforts were not "predicated upon a separate, underlying offense." *Flatley*, ¶ 15 (citing *State v. Downing*, 240 Mont. 215, 217, 783 P.2d 412, 414 (1989)). In *Flatley*, the defendant's efforts to arrange a drug transaction were negated because the dealer had gone fishing. *Flatley*, ¶¶ 6, 15. Accordingly, when one of the defendant's friends later offered to get drugs from a different source with no prompting from Flatley himself, this Court held that there was insufficient evidence to convict him of accountability for that sale because his prior actions were not coordinate with the underlying offense. *See Flatley*, ¶ 16. Here, the State was unable to establish that Davis' actions on April 16 were untaken to facilitate or promote the transaction that took place between Gergen and the informant on April 19.

¶14 The State also cites to *State v. Maetche*, 2008 MT 184, 343 Mont. 464, 185 P.3d 980, for the proposition that circumstantial evidence can be used to overcome the presumption that mere presence at the time a crime is committed does not necessarily

make a person accountable for that crime. In this case, Davis was not present at Gergen's house on April 19 during the sale of the drugs, and there is no indication that he played any part facilitating the transaction.

¶15    Davis' presence during a failed transaction days earlier is insufficient to prove accountability. Gergen's statement that Davis was searching for the key, and Davis' later agreement to relay the message that the informant would "catch up with her next week sometime" conveyed nothing more than the plain meaning of both messages. Neither was indicative of any role in the April 19 sale. Therefore, a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could not have found that Davis purposely promoted or facilitated the sale of drugs by Gergen to the informant.

## CONCLUSION

¶16    Based on the foregoing, we reverse the judgment of the District Court and dismiss Davis' criminal distribution of dangerous drugs by accountability charge with prejudice.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

7